Campbell, Chief Justice,
delivered the opinion of the court:
This suit is to recover certain estate taxes assessed upon ' the estate of George Douglass. From the facts which are stipulated it appears that in December, 1910, George Douglass and his wife, Susan Dun Douglass, conveyed to trustees named certain property acquired by him under the will of Robert Graham Dun. These trustees were invested with large powers in the management, control, and reinvestment of the property, and in connection with the good will and business and property of the R. G. Dun Mercantile Agency. They were to distribute the net income and profits as follows : To George Douglass, as long as he and his wife lived, 75 per cent of the net income, and 25 per cent to their children, share and share alike. Upon the death of either George Douglass or his wife the distribution of net income was to go in the proportion of 50 per cent to the survivor and 50 per cent to the children. Upon the death, of both George Douglass and his wife the trust would terminate and the trustees were required to distribute the estate among the children, or their descendants, per stirpes. George Douglass died in September, 1919, nearly nine years after the creation of the trust. In his will he named his wife, Susan Dun Douglass, as executrix, and she duly qualified as such. In due time the executrix filed an inventory and appraisement of the estate showing property of a total value of $132,495.34. On September 13, 1920, she filed her tax return showing a gross estate of approximately $124,000, a net estate of approximately $50,000, and a consequent estate-tax liability of $499.16, which was paid. The estate was then distributed in accordance with the will. This return did not include any part of the property covered by the trust deed of December, 1910. In June, 1923, the Commissioner of Internal Revenue determined that the value of *410 the property covered by this trust deed should be included as part of the gross estate of George Douglass for the purposes of the estate tax imposed by the revenue act of 1918, 40 Stat. 1057, sections 401, 402, 403. The commissioner accordingly found the gross estate to be $1,642,433.60, the net estate $1,571,840.98, and a tax liability of $109,597.76 in addition to the $499.16 which the executrix had paid. The estate that came into the hands of the executrix having been distributed, the additional tax assessed by the commissioner was paid out of the trust estate in the hands of the trustees, and they bring suit for its recovery. The stipulation provides they are the proper parties to sue. We have another case involving the same general question here presented, and refer to it in connection with this case — David R. J. Arnold, administrator, decided this day, post, p. 439. The statute imposes a tax upon the transfer of the net estate of a decedent to be ascertained in a stated manner. To be included in the gross estate of the decedent is the value at the time of his death of all his property, including, among others, “ to the extent of any interest therein of which the decedent has at any time ” made a transfer or created a trust in contemplation of or intended to take effect in possession or enjoyment “ at or after his death.” It is stipulated that the transfer was not made or the trust created by George Douglass in contemplation of death.
In the instant case the transfer or trust created relied on to authorize the tax was made long before the taxing act came into existence. The fact furnishes an additional reason for applying the rule that taxing statutes are to be construed in favor of the citizen where their meaning is doubtful or uncertain. The trust created in December, 1910, was not to terminate upon the death of the “ decedent,” George Douglass, but upon the death of the survivor of him and his wife, Susan Dun. Thus, if taken literally, the language of the statute does not reach it, unless the word “after” postpones the event. The children to whom the trustees would distribute the estate in their hands were delayed in the acquisition of the corpus of the trust until after the death of Mrs. Douglass, she surviving and becoming executrix of *411 the “ decedent’s ” will. The tax is imposed upon the transfer of the net estate of the decedent, and taxes “ not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death.” Edwards v. Slocum, 264 U. S. 61, 63. The transfer by George Douglass in December, 1910, Tested title in the trustees and separated him from ownership of the property. His right of disposition, possession, or control of it was ended, except the right to receive a proportion of the income. The children, succeeding on the death of their mother to the corpus of the trust estate, then in the hands of trustees, and because of the large powers confided to these trustees succeeding to an estate that may have included little, if any, of the property originally transferred by the father, did not take, it seems to us, “ an interest which ceased by reason of the death,” but took an interest which, so far as the creator of the trust was concerned, ceased when he separated himself from the property and legal interest in the corpus of it in 1910. By the trust the children took a vested interest in 1910, not merely in 1919, when the decedent' died. There existed in 1910 a present capacity of taking effect in possession. If it be said that the trust created or transfer made was intended to take effect “ after ” the decedent’s death, it seems to us a sufficient answer to say the transfer was an irrevocable one, taking effect presently. The estate of George Douglass did not own the corpus of the estate held by the trustees, but it had passed to them long before the taxing act was passed. See Lewellyn v. Frick, 268 U. S. 238, 251. By the action of the commissioner an estate whose actual property, legal and equitable, amounted at the decedent’s death to about $125,000, is made to bear a tax of more than $110,000 because of a transfer or trust created in 1910 that conveyed to trustees property in which at the time of his death the deceased had not any legal estate.
Our conclusion is that the plaintiffs are entitled to judgment. And it is so ordered.
Graham, Judge; Hay, Judge; and Booth, Judge, concur.