MARTHA B. PHELPS, EXECUTRIX, LAST WILL AND TESTAMENT OF WILLIAM L. PHELPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4803.   Promulgated March 30, 1927.

GROSS ESTATE, INCLUSION OF PROCEEDS OF INSURANCE POLICIES.— The proceeds of insurance polices in which a beneficiary other than the insured or his estate has been named prior to the effective date of the Revenue Act of 1921 and not again changed, should not be included in the valuation of the gross estate of the insured.

*R. A. Gallagher, Esq.,* for the petitioner.
*L. C. Mitchell, Esq.,* for the respondent.

This action is for the redetermination of a deficiency in estate taxes under the Revenue Act of 1921, asserted by the respondent in a letter dated April 15, 1925, in the amount of $810.30.

FINDINGS OF FACT.

William L. Phelps died on June 30, 1923. The petitioner, Martha B. Phelps, was duly appointed and qualified as executrix of the estate of the deceased.

Prior to his death the deceased had procured four life insurance policies, aggregating $100,000, the dates of issue and the facts concerning which are as follows:

The Mutual Benefit Life Insurance Company, Newark, New Jersey, Policy No. 820,913 for $50,000.00. The policy was issued under date of October 31,

1917, and was made payable to Martha B. Phelps, wife, if living, otherwise to decedent's estate.

On December 29, 1920, the beneficiary was changed to William L. Phelps, the decedent. On the same day (December 29, 1920) William L. Phelps borrowed money from the insurance company on the policy. On December 30, 1920, William L. Phelps renamed his wife, Martha B. Phelps, as beneficiary, if living, and if dead, to his estate.

The State Mutual Life Assurance Company of Worcester, Massachusetts, Policy No. 110,708 Ex. for $15,000.00. The Policy was issued under date of October 4, 1909, and was made payable to Martha B. Phelps, wife. On December 23, 1920, the insured changed the beneficiary to his estate, borrowed money from the company on the policy and then renominated his wife, Martha B. Phelps, irrevocably (all on the same day).

The State Mutual Life Assurance Company of Worcester, Massachusetts, Policy No. 146,263 for $20,000.00. The policy was issued under date of July 1, 1914, and was made payable to the insured's estate. Under date of August 21, 1922, the insured changed the beneficiary to Martha B. Phelps, his wife, revocably.

The State Mutual Life Assurance Company of Worcester, Massachusetts, Policy No. 169,207 for $15,000.00. The policy was issued under date of October 4, 1916, and was payable to the insured's estate. Under date of August 21, 1922, the insured changed the beneficiary to Martha B. Phelps, his wife, revocably.

On June 21, 1924, the petitioner prepared and filed with the collector of the district within which the deceased had resided, a return for Federal estate tax, with which return she furnished information respecting the above-mentioned policy contracts and claimed that all the proceeds thereof were exempt from estate taxes, and protested against the inclusion of any part of such proceeds in the value of the gross estate of the deceased. The respondent disregarded the petitioner's protest with respect to the proceeds of insurance policies, added $60,000 thereof to the amount of the gross estate reported, and assessed a tax on the return as so amended in the amount of $11,368.58, which amount petitioner has paid.

Following a further audit of said return the respondent on April 15, 1925, determined that there was a further deficiency in tax in respect to said return in the amount of $810.30, whereupon the petitioner instituted this proceeding and now contends that there is not only no deficiency but that there is an overpayment in the amount of the difference between the sum of $2,400, added to the tax shown on the original return and heretofore paid, and the amount of $810.30.

OPINION.

TRUSSELL: The deceased herein named, having died on June 30, 1923, all questions respecting Federal taxes upon the passing of this estate are governed and controlled by the provisions of the Revenue Act of 1921.

Respecting the two policy contracts numbered 820,913 for the amount of $50,000, and 110,708 Ex. for the amount of $15,000, it is noted that each of these policy contracts was procured by the deceased prior to the effective date of the Revenue Act of 1918, and when procured the proceeds thereof were made payable to Martha B. Phelps, if living.

If, in respect to these two policies, no change of beneficiary or other action had been taken by the insured prior to his death, the matter of the inclusion of any part of the proceeds thereof in the estate of the deceased would be governed and controlled by the rule laid down by the United States Supreme Court in the case of *Lewellyn* v. *Frick*, 268 U. S. 238, and there would then be no question raised here as to the exclusion of the proceeds of those two policies from the gross estate. However, in December, 1920, the insured, finding it necessary to borrow funds upon the security of these two policies, did on December 29, 1920, cause the beneficiary in policy 820,913 to be changed, so that he could use it as a basis for borrowing money thereon, and, having effected a loan, again on December 30, 1920, renamed his wife, Martha B. Phelps, the beneficiary of said policy. For the same reasons on December 23, 1920, the insured caused the beneficiary in policy 110,708 Ex. to be changed, and, having effected a loan thereon, again on the same day renamed his wife, Martha B. Phelps, as the beneficiary therein. This action of the insured was taken at a time when the Revenue Act of 1918 was in force and effect, and the respondent argues that this last action of the insured removes these two policies and the proceeds thereof from the rule laid down by the Supreme Court in the case of *Lewellyn* v. *Frick*, *supra*.

In the *Appeal of Charles L. Harris*, 5 B. T. A. 41, the Board had under consideration a case in which the deceased had on March 15, 1912, procured a policy of insurance in the amount of $50,000, payable to his estate, but on September 30, 1920, had caused the beneficiary of said policy to be changed, and his wife, Elizabeth E. Harris, named as such beneficiary. The insured, William L. Harris, died on September 11, 1923.

Section 402 (f) of the Revenue Acts of 1918 and 1921, having been in all respects identical as to language, the Commissioner claimed that the amount of the last above-mentioned policy should be included in the valuation of the gross estate of the said decedent, William L. Harris. In that case the Board held that, in view of the fact that the Revenue Act of 1918 was expressly repealed by the Revenue Act of 1921, any rights which the Government might have had by virtue of section 402 (f) of the Revenue Act of 1918 ceased to exist when the repealing section of the Revenue Act of

1921 became effective, and that, inasmuch as the beneficiary in said policy had been named prior to the effective date of the Revenue Act of 1921, the rule laid down by the Supreme Court in the case of *Lewellyn* v. *Frick, supra,* must be regarded as controlling in that case.

There is no substantial difference between the facts in the case of *Charles L. Harris, supra,* and the case at bar. We are, therefore, of the opinion that the proceeds of the said policies numbered 820,913 and 110,708 Ex., aggregating $65,000, should not be included in the valuation of the gross estate here under consideration.

The proceeds of the other two policies in the case at bar, being less than $40,000, are automatically excluded from the gross estate by the exemption contained in section 402 (f) of the Revenue Act of 1921.

> *The amount of the deficiency, or overpayment, as the case may be, will be redetermined in accordance with the foregoing opinion, pursuant to Rule 50, and judgment entered upon 15 days' notice.*