GRANDIN v. HEINER, Collector of Internal Revenue.

District Court, W. D. Pennsylvania. December 7, 1927.

No. 3596.

Internal revenue ⊙⟶8(5)—Life insurance totaling $300,000 held improperly included in estate for estate tax purposes, where policies aggregating $270,000 antedated taxing statute (Revenue Act 1918).

Proceeds of life insurance policies on decedent's life, aggregating $300,000, *held* improperly included in decedent's estate for estate tax purposes, under Revenue Act 1918 (40 Stat. 1057), where policies aggregating $270,000 antedated the act, which exempts insurance up to $40,000 from terms thereof.

At Law. Action by Elliot C. Grandin, administrator d. b. n. c. t. a. of the last will of William James Grandin, deceased, against D. B. Heiner, Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. Judgment for plaintiff.

Smith, Shaw & McClay, of Pittsburgh, Pa., for plaintiff.

J. D. Meyer, U. S. Atty., of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge. A jury trial having been waived, this case was tried before the court without a jury.

Findings of Fact.

William James Grandin died testate on the 30th day of December, 1920, domiciled in Tidioute, Warren county, Pa., and letters testamentary were duly issued to the plaintiff in this case, Elliot C. Grandin, who qualified as administrator d. b. n. c. t. a., and who is now acting in that capacity.

On August 26, 1921, the executors of said estate, pursuant to the requirements of the Revenue Act of 1918 (40 Stat. 1057), duly filed a return for federal estate tax with the collector of internal revenue on form 706. In schedule C of said return, the executor listed as assets of the estate of William James Grandin, deceased, the following life insurance policies, payable to Harriet C. Grandin, as beneficiary: Three policies in the Travelers' Insurance Company for $10,000 each, one dated December 31, 1894, and two dated July 30, 1919; in addition thereto, one policy in the Equitable Life Assurance Society, dated December 31, 1906, in the sum of $250,000—or a total of $300,000. On this total sum, the defendant, as collector of internal revenue, levied and collected from the executors an estate tax amounting to $5,219.26. On August 26, 1921, the executors paid, under protest, the said sum of $5,219.26. Due claim for refundment of this estate tax was filed by the executors of this estate, but the same has not been paid back.

Conclusion of Law.

Under this state of facts, we find that the plaintiff is entitled to recover from the defendant the amount of this tax assessed upon these policies of insurance, together with interest. An order for judgment may be entered accordingly.

Discussion.

Under the ruling of Judge Thomson, of this district, in the case of Frick v. Lewellyn, 298 F. 803, we hold that these policies of insurance were not properly included within the estate of the decedent, subject to estate tax. It may be noted that this decision of Judge Thomson was affirmed in Lewellyn v. Frick, 268 U. S. 238, 45 S. Ct. 487, 69 L. Ed. 934, holding the act to be inapplicable, because the policies antedated the passage of the taxing act, but not passing upon the question of the constitutionality of the act itself. In the instant case it may be noted that two of the policies in question, aggregating $270,000 in amount, do antedate the act, and therefore fall strictly within the Supreme Court ruling, and further that insurance up to $40,000 is exempted from the provisions of the act by its own terms.