WILLIAM A. CUSHMAN ET AL., EXECUTORS, ESTATE OF HERBERT E. CUSHMAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30296. Promulgated May 20, 1930.

*Walter A. Bolinger, Esq.*, for the petitioners.
*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

SMITH: The issue before us is whether the respondent properly included the sum of $56,179.61 in the decedent's gross estate. Section 402 of the Revenue Act of 1921 provides:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a

trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. * * *

\*     \*     \*     \*     \*     \*     \*

(f) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

Counsel for petitioners, on brief, contends that insurance proceeds paid to a specific beneficiary as the result of the death of an insured during the existence of the Revenue Act of 1921, under a policy of insurance taken out by the insured prior to the enactment of any estate-tax law, are not subject to an estate tax as part of the insured's gross and net estates, even though the insured retains the right to change the beneficiary up to the date of his death, and even though the beneficiary is actually named by the insured after the passage of the Revenue Act of 1921, section 402 (f) of that act not being retroactive to cover such a transaction.

In support of this contention counsel for petitioners argues, rather negatively, that the proper conclusion to be drawn from a consideration of *Lewellyn* v. *Frick*, 268 U. S. 238, *Chase National Bank* v. *United States*, 278 U. S. 327, and *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, is that the proceeds of the insurance policies taken out by a decedent long prior to the enactment of the estate-tax laws are not to be included in his gross estate subject to an estate tax, even though the insured retained the right to change beneficiaries up to the date of his death.

He points out that in *Lewellyn* v. *Frick, supra*, the policies were all taken out prior to the enactment of the Revenue Act of 1918, which act was in effect at the time of the decedent's death, and that the beneficiaries were all named prior to the enactment of that act. He shows that in *Chase National Bank* v. *United States, supra*, the policies were all taken out subsequent to the passage of the Revenue Act of 1921, which act was in effect at the time of decedent's death. In the case at bar all the beneficiaries were named prior to the passage of the Revenue Act of 1921, and the insured retained the right to change all beneficiaries up to the date of his death. With respect to *Reinecke* v. *Northern Trust Co., supra*, he claims that, unlike the other two cases, it did not involve the taxability of the proceeds of insurance policies, but involved a question as to whether the corpus of certain trusts should be included as part of the decedent's estate and taxed.

However, with respect to *Lewellyn* v. *Frick, supra*, the Court of Claims, in *Mimnaugh* v. *United States*, 66 Ct. Cls. 411, said:

Plaintiff's contention is obviously based upon what we conceive to be a misconception of the meaning of certain language appearing in the opinion of the court in that case, to wit:

"Not only are such doubts avoided by construing the statute as referring only to *transactions taking place after it was passed,* but the general principle 'that the laws are not to be considered as applying to cases which arose before their passage' is preserved, when to disregard it would be to impose an unexpected liability that if known might have induced those concerned to avoid it and to use their money in other ways. * * *"

The "*transactions taking place after it was passed*" obviously refer to transactions with respect to the policies after they were taken out. In that case it was sought to impose the estate tax upon life insurance on the life of the testator, payable, either by original contract or by assignment, to the wife and daughter. The testator, prior to the enactment of any estate tax act, had divested himself and his estate of every vestige of interest in said policies or the proceeds thereof, and these are the *transactions* which the court was considering when it used the language quoted above. * * *

In *Louis M. Weiller et al., Trustees,* 18 B. T. A. 1121, we said:

Petitioners' arguments against the application of the taxing statute so as to include in decedent's estate the proceeds of insurance policies taken out prior to the enactment of the law are disposed of by the principles laid down in *Chase National Bank* v. *United States,* 278 U. S. 327, and *Reinecke* v. *Northern Trust Co.,* 278 U. S. 339. The former case holds that the proceeds of insurance policies on decedent's life taken out while the Revenue Act of 1921 was in effect should be included in the gross estate, and the principles established in that case are applied in the *Northern Trust Co.* case to revocable trusts created before the enactment of the statute, because "a transfer made subject to a power of revocation in the transferor, terminable at his death, is not complete until his death" and hence the taxing act "is not retroactive since his death follows the passage of the statute."

In the *Weiller* case, *supra,* the statutory provisions under consideration were those contained in the Revenue Act of 1924, which specifically provided, *inter alia,* that the section of that act corresponding to section 402(f) of the Revenue Act of 1921 should apply to transfers, trusts, estates, interests, rights, powers, etc., whether made, created, arising, existing, exercised, or relinquished before or after the enactment of the Revenue Act of 1924. When viewed in the light of the principles enunciated in *Chase National Bank* v. *United States, supra,* and *Reinecke* v. *Northern Trust Co., supra,* we can see no difference between the *Weiller* case and the instant proceeding, and we are of the opinion that the respondent properly included the sum of $56,179.61 in decedent's gross estate.

*Judgment will be entered for the respondent.*