734

Max W. Feuerbacher and Walter L. Feuerbacher, Executors of the Estate of Minna Feuerbacher, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 32836. Promulgated March 13, 1931.

*John E. McClure, Esq.,* for the petitioners.
*Frank T. Horner, Esq.,* for the respondent.

## OPINION.

McMahon: Section 302 of the Revenue Act of 1924 provides:

Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

* * * * * * *

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

(h) Subdivisions * * * (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

It is the contention of the petitioners that under the Revenue Act of 1924 the proceeds of these life insurance policies are not includable in the gross estate, and, if they are includable under the provisions of the act, then such act is unconstitutional and void.

In a recent case, *Louis M. Weiller et al., Executors*, 18 B. T. A. 1121, we held, upon authority of *Chase National Bank* v. *United States*, 278 U. S. 327, and *Reinicke* v. *Northern Trust Co.*, 278 U. S. 339, that under the Revenue Act of 1924 the proceeds of insurance policies taken out in 1907, 1908, and 1909, where the insured reserved the right to change the beneficiary, should be included in the gross estate of the decedent. See also *Edwin S. Rauh, Executor*, 19 B. T. A. 993, and *William A. Cushman et al.*, 19 B. T. A. 1012.

The case of *Lewellyn* v. *Frick*, 268 U. S. 238, is distinguishable from the instant proceeding, since that case involved the Revenue Act of 1918, which does not contain a provision similar to subdivision (g) of section 302 of the Revenue Act of 1924, *supra.*

Upon the authority of our prior decisions, we approve the respondent's determination of a deficiency in the amount of $2,517.08.

*Judgment will be entered for the respondent.*