## Sacred Heart Church et al. v. Fidelity Trust Company

*McKenna & McKenna*, for plaintiff.

*Alexander C. Tener*, for intervening plaintiff, Passavant Hospital.

*William B. Secrist*, for defendant.

ROWAND, J., March 13, 1931.—The plaintiff, Sacred Heart Church, and intervening plaintiffs, Passavant Hospital and Mercy Hospital, bring this

action to compel the payment to them of moneys out of the proceeds of certain life insurance policies taken out by Morris Rosenblum, in which policies Fidelity Title and Trust Company was named as trustee, and under a life insurance trust agreement in which the plaintiffs are named as beneficiaries. Morris Rosenblum died three days after the execution of the trust agreement. The question involved: Is the life insurance trust agreement for the payment of the amount designated to the plaintiffs a conveyance of personal estate executed less than one calendar month prior to the decease of the alienor, and, therefore, void under the Act of April 26, 1855, P. L. 328, as amended by the Act of June 7, 1911, P. L. 702?

### Findings of fact

First. That on October 9, 1928, Morris Rosenblum, late of the City of Pittsburgh, County of Allegheny and State of Pennsylvania, entered into a life insurance trust agreement with the Fidelity Title and Trust Company, a Pennsylvania corporation having its principal office and place of business in the City of Pittsburgh, County of Allegheny, State of Pennsylvania (now Fidelity Trust Company), as trustee, a copy being attached to plaintiff's bill.

Second. That at the time of the making of the said agreement, to wit, on October 9, 1928, the said Morris Rosenblum delivered to the said trustee the life insurance policies enumerated in the trust agreement and caused the said trustee to be made the beneficiary in each of the said policies of life insurance.

Third. That the said life insurance trust agreement provided, *inter alia,* that upon the death of the said Morris Rosenblum the trustee should collect and receive the proceeds of the policies of life insurance and pay therefrom certain specific sums, in the total amount of $5000, to certain charitable institutions designated in the said trust agreement.

Fourth. That Sacred Heart Church, Mercy Hospital of Pittsburgh and Passavant Hospital are three of the charitable institutions designated in the said trust agreement, the former being allotted the sum of $500 and the latter two hospitals the sum of $250 each by the terms of the said agreement.

Fifth. That the fifteenth paragraph of the said trust agreement provides as follows:

"The assured reserves the right to withdraw any of the policies or any sums of money or securities deposited at any time hereunder, and further reserves the right to revoke this instrument and the trusts herein provided for, and upon such withdrawal and revocation, the trustee shall deliver said policies, money or securities as may be directed by the assured. The right to change the beneficiaries under this trust is reserved by the assured, it being intended that none of the beneficiaries shall receive any vested interest in the trust herein provided for, or in the policies, money or securities now or at any time deposited hereunder, unless this trust shall remain unrevoked at the time of the death of the assured."

Sixth. That the said trust agreement was not revoked, nor were any of the policies withdrawn, nor any sums of money or securities deposited at the time of the making of said agreement withdrawn during the lifetime of the said Morris Rosenblum.

Seventh. That the said Morris Rosenblum died October 12, 1928, three days after the making of the said trust agreement.

Eighth. That the said trustee has collected the sums due under all of the life insurance policies held by it as trustee under the terms of the said trust agreement.

Ninth. That Sacred Heart Church, Mercy Hospital of Pittsburgh, Passavant Hospital and other institutions designated as beneficiaries under said trust agreement have made demand upon the said trustee for the payment of the sums allotted to them under the terms of the said trust agreement, with interest from the date of the death of Morris Rosenblum, but the said trustee has declined and refused, and does now decline and refuse, to make payment of the said sums to Sacred Heart Church, Mercy Hospital of Pittsburgh, Passavant Hospital and the other institutions designated in said trust agreement.

## Discussion

On October 9, 1928, Morris Rosenblum, then a resident of the City of Pittsburgh, executed a life insurance trust agreement with the Fidelity Title and Trust Company, now known as the Fidelity Trust Company, of this city, at which time Rosenblum delivered and caused to be made payable to the trust company, as trustee, certain insurance policies on his life, amounting to $105,000. Upon his death, the proceeds of the insurance policies were to be collected by the trustee and certain distribution made and other parts held in trust. The terms are fully set forth in the trust agreement attached to plaintiff's bill. Under this agreement, Sacred Heart Church is to receive $500, Passavant Hospital $250 and Mercy Hospital $250. Mr. Rosenblum died on October 12, 1928, or three days after the execution of the trust agreement. The trustee has collected the several amounts due on the policies. The question involved is: Is the life insurance trust agreement for the payment of the amounts designated to the plaintiffs a conveyance of personal estate executed less than one calendar month prior to the decease of the alienor, and, therefore, void under the Act of April 26, 1855, P. L. 328, as amended by the Act of June 7, 1911, P. L. 702? Section eleven of the Act of 1855 reads:

"That no estate, real or personal, shall hereafter be bequeathed, devised, or conveyed to any body politic, or to any person in trust for religious or charitable uses, except the same be done by deed or will, attested by two credible, and, at the time, disinterested witnesses, at least one calendar month before the decease of the testator or alienor; and all dispositions of property contrary thereto shall be void and go to the residuary legatee or devisee, next of kin, or heirs, according to law: Provided, That any disposition of property within said period, *bona fide* made for a fair valuable consideration, shall not be hereby avoided."

We are not referred to, nor are we successful in finding, any cases decided by our appellate courts passing on a question similar to that now before us. Had Mr. Rosenblum delivered to the trust company a promissory note or other evidence of indebtedness, or a contract through which he might have benefited, with a direction to deliver to the plaintiffs upon his death, whereby his estate would be affected, we would not hesitate in holding that such was void. Under this agreement, the trust company is directed to collect the proceeds of the insurance policies and to pay those who by the trust agreement are entitled to receive them. The trust company has no discretionary powers. The insurance policies were contracts entered into by the insurer and the insured, which bind the insurer to pay to persons designated as beneficiaries on the death of the insured.

Personal property is defined by Webster to be: "A property which a person possesses." 2 Bouvier's Law Dictionary, page 662, says: "The term [personal estate] is sometimes used as synonymous with personal property."

In the case of People *v*. Petrie, 191 Ill. 497, it is held: "The insured is not entitled to realize the amount due on the policy while he is alive. The beneficiaries take the proceeds, not as heirs or as distributees, but as purchasers, and the proceeds were not any part of the estate of the assured."

We take it that if the insured had designated the charities as beneficiaries in policies of insurance taken out within thirty days of his death, he would not by that act have made a conveyance of any part of his estate. The proceeds of the policies did not exist until after his death.

In the case of Frick *v*. Lewellyn, 298 Fed. 803, 809, affirmed in 268 U. S. 238, it was held: "To the amount due on the policy the insured has no title, the right to such amount does not spring into existence until after his death, and even then the money belongs to the insurer, who is charged with the duty under the contract to pay the beneficiary."

We need not recite authorities to sustain the proposition that where a beneficiary dies before the insured the proceeds belong to the estate of the beneficiary, and if the insured under the terms of the policy reserves the right to change the beneficiary, but after the death of the beneficiary the insured dies without having done so, the legal representatives of the beneficiary are entitled to the fund.

7 Cooley, Brief on the Law of Insurance, 6367, says: "The proceeds of a policy payable to a trustee for the benefit of others vests in him, and do not form any part of the estate of the insured."

See, also, Butler *v*. State Mutual Life Assurance Co., 125 N. Y. 769, from which we quote: "Upon delivery of the policy to the trustee the contract took effect as an agreement between the company and the trustee, and the fact that the trust agreement contained a power of revocation of the trust and for a change of the beneficiaries does not defeat the trust or vest any estate or interest in the insured or his heirs."

The case of Lines *v*. Lines, 142 Pa. 149, 167, holds: "A reserved right of revocation is not inconsistent with the creation of a valid trust. If the right be not exercised during the lifetime of the donor, and according to the terms in which it is reserved, the validity of the trust remains unaffected, as though there had never been a reserved right of revocation."

After a careful consideration, we have reached the conclusion that the delivery of the life insurance policies to the trust company, and the entering into the trust agreement, is not a conveyance of the personal estate of Mr. Rosenblum as prohibited by the act of assembly.

### Conclusions of law

First. The designation of a beneficiary in a life insurance policy is not a conveyance of personal estate of the insured.

Second. The proceeds of the policies of life insurance form no part of Morris Rosenblum's personal estate.

Third. The life insurance trust agreement was not a conveyance of any part of the personal estate of Morris Rosenblum.

Fourth. The disposition of the proceeds of the policies of life insurance under the life insurance trust agreement of October 9, 1928, was not a conveyance of personal property within the prohibition of section eleven of the Act of 1855, as amended by the Act of 1911.

Fifth. Sacred Heart Church, Mercy Hospital and Passavant Hospital and the other institutions designated in said trust agreement are entitled to receive from the Fidelity Title and Trust Company the sums of money directed to be paid to them under the agreement of October 9, 1928.

From William J. Aiken, Pittsburgh, Pa.