THE ALLENTOWN NATIONAL BANK AND ETHEL HARRISON KIFT, EXECUTORS OF THE ESTATE OF ROBERT L. KIFT, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86150. Promulgated April 22, 1938.

*Thomas M. Wilkins, Esq.*, and *C. L. Turner, C. P. A.*, for the petitioners.

*Lewis S. Pendleton, Esq.*, and *Frank T. Horner, Esq.*, for the respondent.

## OPINION.

TYSON: As shown in our findings of fact, Prudential Insurance Co. policy No. 827,018 contained the following provision: "The Insured may at any time * * * change the Beneficiary or Beneficiaries under this Policy, * * *" On November 21, 1912, the insured exercised the right given in this provision by substituting his wife as beneficiary in lieu of the original beneficiary named in the policy. In neither the endorsement effectuating this change nor in the original policy was there any provision as to the right to change the beneficiary other than that quoted above. We are of the opinion that, under the quoted provision, the right of the insured to change the beneficiary was not exhausted by its exercise in the instance mentioned and that the right to make such a change remained in him until his death. Consequently the designation of decedent's wife in the change made was not irrevocable and the value of this policy is includable in the gross estate. *Helena Liebes, Executrix*, 20 B. T. A. 731; affd., 63 Fed. (2d) 870; *Hintz* v. *Hintz*, 78 Fed. (2d) 432.

The facts in the instant case distinguish it from the cases of *David A. Reed et al., Executors*, 24 B. T. A. 166, and *Caroline W. Edwards et al., Executors*, 31 B. T. A. 879, and the cases cited therein in support of the holdings that no right existed to a change in beneficiary after such right had once been exercised. In those two cases the policies provided for the "right of revocation" by the insured, but also further provided that "When the right of revocation has been reserved, * * * the insured, * * * may designate a new beneficiary, with or without reserving right of revocation, * * *." There were no

such provisions with reference to the designation of a new beneficiary in the policy here involved. The right to change the beneficiary in this policy is given in broad, comprehensive terms, without the limitations specifically imposed in the policies, as shown by the quotations therefrom considered in the cited cases.

There is a further provision in this policy which leads to the same conclusion as that reached with regard to the effect of the provision in the policy for a change of beneficiary. The policy provided, *inter alia*, that the insured could borrow from the insurance company certain specified amounts while the policy was in force. Under this right of the insured to borrow on the policy he reserved an interest therein which was extinguished only by his death and, therefore, for this reason also the value of the policy is includable in the gross estate. *Louise C. Moore, Executrix*, 33 B. T. A. 108, 111; *Caroline W. Edwards et al., Executors, supra.*

For the reason that the Prudential policy was taken out in 1907 and the beneficiary therein changed in 1912, both events occurring prior to the passage of the 1918 Revenue Act, petitioners contend that the value of this policy is in no event includable in the gross estate of the decedent, under the decision in *Lewellyn v. Frick*, 268 U. S. 238. This contention is untenable. In the *Frick* case, *supra*, the Court had under consideration section 402 (f) of the Revenue Act of 1918, the counterpart of which appears as 302 (g) of the Revenue Act of 1926. The 1918 Act did not contain any provision similar to subsection (h) of section 302 of the 1926 Act,[1] which is controlling here. Subsection (h) has been considered by the courts and this Board since the decision in the *Frick* case, *supra*, and it has been held that under its provisions the value of an insurance policy payable to a beneficiary other than the insured's estate, if otherwise includable in the gross estate of the insured, should be therein included irrespective of the date on which the policy was taken out or of the date on which a change in the beneficiary therein was made. *Levy's Estate v. Commissioner*, 65 Fed. (2d) 412; *Cook v. Commissioner*, 66 Fed. (2d) 995; certiorari denied, 291 U. S. 660; *Scott v. Commissioner*, 69 Fed.

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

* * * * * *

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

(h) Except as otherwise specifically provided therein subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

(2d) 444; *Newman* v. *Commissioner*, 76 Fed. (2d) 449; certiorari denied, 296 U. S. 600; *Louise C. Moore, Executrix, supra; Guaranty Trust Co. of New York et al., Executors*, 33 B. T. A. 1225.

As shown in our findings of fact, a general provision of Northwestern Mutual Life Insurance Co. policy No. 1,794,035 was "with_____ reservation to the Insured of the right of revocation and change of Beneficiary." A later clause provided that "the Insured (1) may designate one or more Beneficiaries if none be named herein, either with or without reservation of the right to revoke such designation * * *." This later clause was, as to this policy, inoperative, since it applied only when there was no beneficiary named in the policy, and there was a beneficiary, Ethel H. Kift, named in this policy. Under the general provision the insured reserved the right to change the beneficiary and therefore the value of this policy is includable in decedent's gross estate. *Helena Liebes, Executrix, supra; Hintz* v. *Hintz, supra.*

It might also further be said that no change of the original beneficiary in this policy was ever made. Ethel H. Kift was the original beneficiary named therein and remained the primary beneficiary after the endorsements adding contingent beneficiaries to the policy. The only change made by these endorsements with reference to the status of the original beneficiary was a change as to the method by which she was to receive the proceeds under the policy; that is to say, under the original policy she was to receive the proceeds in one lump sum after the death of the insured, while under the change made by the endorsements she was to receive the proceeds (1) under option A of the policy, or (2) in the event of her surviving the contingent beneficiaries and their lawful surviving children, if any, she was to have the privilege of receiving the proceeds of the policy under option C, which provided for the payment of the proceeds in a number of stipulated monthly installments. There never having been a change made in the original beneficiary, the express right given in the policy to change the beneficiary had never been exercised by the insured prior to his death and the right remained in him at the time of that event. Consequently, for this reason also the designation of decedent's wife as the original and primary beneficiary in the policy was not irrevocable.

In Mutual Benefit Life Insurance Co. policy No. 1,355,369 the right to change the beneficiary was reserved and never exercised by the decedent. Also in New England policy No. 552,581, where the original beneficiary was changed, the endorsement effecting the change reserved the right in the decedent to make a further change of beneficiary, and no further change was ever made. Consequently, the right to change the beneficiary in both these policies remained in

the decedent at the time of his death and the designations of the beneficiaries therein were not irrevocable. The values of these two policies are includable in decedent's gross estate. This seems to be tacitly conceded by petitioners, since their main contention on brief as to them is to the effect that, if includable in the gross estate, the value of the policies should be the "commuted value of the periodic payments of principal and/or interest provided for in the policies."

The same contention, in the alternative, is also made by petitioners with regard to Northwestern Mutual policy No. 1,794,035. We do not agree with this contention. The proof shows no proper basis upon which a commuted value of either of these three policies could be determined. To the contrary, in each policy it was directed that the insurance company should retain the amount which would otherwise have been payable as a lump sum to the beneficiary, and pay the beneficiary interest on such amount at certain percentage rates. These facts bring the method of proper ascertainment of the value of the amounts receivable by the beneficiaries under these policies squarely within the rule announced in *Estate of A. Murat Willis*, 28 B. T. A. 152, which rule is to the effect that such amounts under similar facts are not to be properly arrived at by commutation, as contended here by petitioners.

There is no proof as to the method used by respondent in determining the values of the two of these policies which were not included in the gross estate by the executors in their return; nor is it shown in the record that such values were erroneous. Neither is there any error shown in the value of New England policy No. 552,581 as set out in the return of the executors and considered in respondent's determination as being correct. Consequently, the determination of respondent as to all three of these policies is approved.

Petitioners claim as a deduction $500 paid the widow of decedent under the provisions of section 12 (a)[2] of the Pennsylvania Fiduciaries Act of 1917. The deduction was disallowed by the respondent. The applicable Revenue Act of 1926, section 303 (a) (1), provides for the deduction of "* * * amounts reasonably required and actually expended for the support during the settlement of the estate of those

---

[2] SEC. 471. *Appraisers; exemption to widow and children.*

The widow, if any, or if there be no widow, or if she has forfeited her rights, then the children forming part of the family of any decedent dying, testate or intestate, within this commonwealth, or dying outside of this commonwealth, but whose estate is settled in this commonwealth, may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars; and the property so retained or claimed shall not be sold, but suffered to remain for the use of the widow or children. It shall be the duty of the executor or administrator of such decedent to have the said property, if personal, appraised and set apart to said widow or children by the appraisers appointed to appraise the other personal estate of the decedent; or, if real, then by two appraisers to be appointed by the orphans' court, who may be the same persons appointed to appraise the personal estate.

\* \* \* \* \* \* \*

dependent upon the decedent, as are allowed by the laws of the jurisdiction, * * * under which the estate is being administered, * * *" There is no evidence that the $500 was either "reasonably required" or "actually expended" for the support of the widow and child of decedent, and, notwithstanding that under the order of the Pennsylvania court in pursuance of the Pennsylvania statute the $500 was paid the widow for her use, we approve its disallowance as a deduction by the respondent. *Mary A. Powers, Executrix,* 6 B. T. A. 633; *Mary M. Buck et al., Executors,* 25 B. T. A. 780; affd., 73 Fed. (2d) 760.

*Decision will be entered under Rule 50.*

