**UNION TRUST CO. OF SAN FRANCISCO et al. v. WARDELL, Internal Revenue Collector.**

(District Court, N. D. California, S. D. January 3, 1921.)

No. 16220.

**Internal revenue ⬅8—Estate tax held to apply to property transferred on testamentary trust prior to passage of act.**

The provision of Act Sept. 8, 1916, § 202 (Comp. St. § 6336½c [b]), including in property of a decedent which is subject to the estate tax thereby imposed property "of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth," *held* not limited to transfers made after passage of the act, but to apply to property previously transferred, where the owner died after passage of the act.

At Law. Action by the Union Trust Company of San Francisco and Albert Lachman, as executor of the will of Henriette S. Lachman, deceased, against Justus S. Wardell, Collector of Internal Revenue. On demurrer to complaint. Demurrer sustained.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Heller, Powers & Ehrman, Isaac Frohman, Edward F. Treadwell, John W. Preston, and Garret W. McEnerney, all of San Francisco, Cal., for plaintiffs.

Annette Abbott Adams, U. S. Atty., and Charles W. Thomas, Jr., Asst. U. S. Atty., both of San Francisco, Cal., and D. M. Kelleher, of Ft. Dodge, Iowa, for defendant.

RUDKIN, District Judge. Section 201 of the Act of September 8, 1916, 39 Stat. 777 (Comp. St. § 6336½b), imposes a tax upon the transfer of the net estate of every decedent dying after the passage of the act, whether a resident or nonresident of the United States. Section 202 (section 6336½c) provides:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated: * * *

"(b) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth."

The value of the net estate is ascertained by making certain authorized deductions from the value of the gross estate.

On the 31st day of May, 1901, Henriette S. Lachman executed a declaration of trust under the terms of which she assigned 7,475 shares of the capital stock of the S. & H. Lachman Estate, of which she was the owner, to her sons Albert Lachman and Henry Lachman, as trustees, to pay the income from the stock to her during her life, and upon her death to deliver the stock to certain relatives named in the trust deed. The grantor in the trust deed died on the 14th day of November, 1916, and the present suit was thereafter brought by her executors to recover the sum of $4,545.50 paid as tax on the above transfer, under protest.

Counsel for plaintiffs contend that the act should not be so construed as to include transfers made prior to its passage, and that, if so construed, the act is unconstitutional and void. Both of these questions were determined adversely to the plaintiffs by the Circuit Court of Appeals for the Eighth Circuit in Schwab, Executor, v. Doyle, 269 Fed. 321. In that case the transfer was made in contemplation of death, whereas in the present case the transfer was intended to take effect in possession or enjoyment at or after death; but manifestly the same rule of construction will apply to both provisions, and the same rule of constitutional validity. I entertain no doubt that the act was intended to operate retrospectively, and a contrary construction could only be justified on the principle that such a construction would render the act unconstitutional. On the question of constitutionality the decision of an appellate court should certainly raise a doubt as to the validity of the act in the mind of a trial court, and without further discussion the demurrer will be sustained.

Let an order be entered accordingly.