UNION TRUST COMPANY OF SAN FRANCISCO ET AL., AS EXECUTORS OF LACHMAN, *v.* WARDELL, UNITED STATES COLLECTOR OF INTERNAL REVENUE FOR THE FIRST DISTRICT OF CALIFORNIA, ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 236. Argued April 17, 18, 1922.—Decided May 1, 1922.

1. The Estate Tax Act of 1916, did not apply to transfers in contemplation of death made before its passage. P. 540. *Shwab* v. *Doyle, ante,* 529.
2. A collector of internal revenue is not liable to an action for recovery of a tax collected by his predecessor in office. P. 541. *Smietanka* v. *Indiana Steel Co.,* 257 U. S. 1.
273 Fed. 733, reversed.

ERROR to a judgment of the District Court sustaining a demurrer and dismissing the complaint in an action to recover a sum collected as an estate tax.

*Mr. Garret W. McEnerney,* with whom *Mr. William D. Guthrie, Mr. E. S. Heller, Mr. Isaac Frohman* and *Mr. Bernard Hershkopf* were on the brief, for plaintiffs in error.

*Mr. James A. Fowler,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for defendants in error.

· . *Mr. Charles E. Hughes, Jr.*, and *Mr. Allen S. Hubbard*, by leave of court, filed a brief as *amici curiae*.

. *Mr. Mansfield Ferry, Mr. C. Alexander Capron* and *Mr. Russell L. Bradford*, by leave of court, filed a brief as *amici curiae*.

*Mr. J. Wallace Bryan* and *Mr. Charles McH. Howard*, by leave of court, filed a brief as *amici curiae*.

. MR. JUSTICE McKENNA delivered the opinion of the court.

This case was argued at the same time and submitted with No. 200, *Shwab* v. *Doyle*, just decided, *ante*, 529. It involves, as that case did, the Estate Tax Act of September 8, 1916, 39 Stat. 777, and its different facts illustrate and aid the principle upon which that case was decided.

Plaintiffs in error are executors of the last will and testament of Henriette S. Lachman, deceased. They were also parties to a trust deed made by her during her lifetime. They sued defendant in error Wardell, he then being United States Collector of Internal Revenue for the First District of California, to recover the sum of $4,545.50, that being the amount of a tax assessed against the estate of Henriette S. Lachman upon the value of 4,985 shares of stock transferred in trust by Henriette S. Lachman to trustees, upon the assumption that the Act of Congress of September 8, 1916, was applicable to the trust.

The following is a summary of the facts stated narratively. On May 31, 1901, Henriette S. Lachman was the owner of 7,475 shares of the capital stock of the S. & H. Lachman Estate, a corporation. On that date she executed and delivered to Albert Lachman and Henry Lachman, her sons, the following instrument:

"Alameda, Cal., May 31, 1901.
" To Albert Lachman and Henry Lachman, my sons:
". This is to certify that I have delivered to you seven thousand four hundred and seventy-five (7,475) shares of

the capital stock of the S. & H. Lachman Estate, represented by certificates numbers eleven (11), twelve (12) and thirteen (13) respectively, however, upon the following trust:

" To pay to me during my lifetime, all the income earned and derived therefrom, and, upon my death, to deliver two thousand four hundred and ninety (2,490) shares, represented by certificates number eleven (11) unto Henry Lachman, thenceforth for his absolute property; two thousand four hundred and ninety-five (2,495) shares, represented by certificate number thirteen (13) unto Albert Lachman, thenceforth for his absolute property; and yourselves, to-wit, Albert Lachman and Henry Lachman, to hold two thousand four hundred and ninety (2,490) shares, represented by certificate number twelve (12) upon my death, in trust paying the income derived therefrom unto my daughter, Rebecca, wife of Leo Metzger, and upon the death of my said daughter, the income and earnings derived from said two thousand four hundred and ninety (2,490) shares shall be held, or expended, by you, according to your judgment, for the benefit of my grandchildren, the children of my said daughter, Rebecca Metzger, and upon the youngest of said children attaining the age of majority, all the then surviving children of my said daughter, Rebecca Metzger, shall be immediately entitled to said two thousand four hundred and ninety (2,490) shares in equal proportions.

Henriette Lachman."

The requirements of the deed were performed upon the contingencies occurring for which it provided.

On November 14, 1916, Henriette S. Lachman died, being then a resident of Alameda County, California, leaving an estate of the value of $302,963.64, which included 2,490 shares of the stock that passed to her upon the death of her husband and 25 shares of stock in a business that had been conducted by her husband, but did not include the transfer of the 4,985 shares included in the trust deed.

The will was duly probated and the tax under the Act of September 8, 1916, was paid on the property which passed under her will, but no tax was paid on the 4,985 shares transferred 15 years before by the trust deed.

The Commissioner having ruled that those shares were subject to a tax, assessed against them the sum of $4,545.50. It was paid under protest and this action was brought for its recovery.

Wardell demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against him. The demurrer was sustained and judgment entered dismissing the complaint. 273 Fed. 733.

Stating the contention of the plaintiffs, the court said it was that " the act should not be construed as to include transfers made prior to its passage, and that, if so construed, the act is unconstitutional." The court observed that " both of these questions were determined adversely to the plaintiffs by the Circuit Court of Appeals for the Eighth Circuit in *Shwab, Executor,* v. *Doyle,* 269 Fed. 321." And it said further, " In that case the transfer was made in contemplation of death, whereas in the present case the transfer was intended to take effect in possession or enjoyment at or after death; but manifestly the same rule of construction will apply to both provisions, and the same rule of constitutional validity."

The court, while apparently relying on *Shwab* v. *Doyle,* declared that it entertained " no doubt that the act was intended to operate retrospectively, and a contrary construction could only be justified on the principle that such a construction would render the act inconstitutional."

The same contentions are made against and for the ruling of the court as were made in *Shwab* v. *Doyle, ante,* 529. It is not necessary to repeat them. They are, with but verbal variations, the same as in *Shwab* v. *Doyle,*

and the Collector so considering, submits this case upon the brief in that.

We have there stated them and passed judgment upon that which we think determines the case, that is, the retroactivity of the Act of September 8, 1916. The facts in this case fortify the reasoning in that. In this case the act is given operation against an instrument executed 15 years before the passage of the act.

The record exhibits proceedings that should be noticed. The demurrer of Wardell was sustained to the complaint, and a judgment of dismissal entered January 13, 1921.

On February 2, 1921, plaintiffs gave notice of a motion to substitute John L. Flynn as defendant in the place and stead of Wardell, in so far as the action was against Wardell in his official capacity, and to permit it to be continued and prosecuted against him so far as it was against him personally.

The grounds of the motion were stated to be that he had resigned and Flynn had been appointed his successor· and was then the acting Collector.

On February 7, 1921, the motion was granted. The order of the court recited the resignation of Wardell and the succession of Flynn. And it being uncertain as to whether this was a proper case for the substitution of Flynn or was one which should proceed against Wardell, and it appearing to the court on motion of plaintiffs that it was necessary for the survivor to obtain a settlement of the questions involved, it was ordered that so far as the action was against Wardell in his official capacity, it might be sustained against Flynn as his successor, and that so far as it was against Wardell personally, it should be continued against him. And it was ordered that the action should thereafter proceed against Flynn and Wardell without further pleadings or process.

On February 9, 1921, Flynn filed an appearance by attorneys which recited that he had been substituted in

the place of Wardell in so far as the action was against Wardell in his official capacity, and thereby appeared in the action as such defendant.

It will be observed that there was no resistance to the motion of substitution of Flynn nor exception by him, and that he almost immediately appeared in the action in compliance with the order of the court. The subsequent proceedings were directed as much against him as against Wardell, the bond upon the writ of error running to both.

However, this court decided in *Smietanka* v. *Indiana Steel Co.*, 257 U. S. 1, that a suit may not be brought against a Collector of Internal Revenue for the recovery of a tax, in the collection and disbursement of which such officer had no agency. We think the bringing of Flynn into the case was error. Therefore, upon the return of the case to the District Court, he shall be permitted to set up the defense of non-liability, if he be so advised, and, if he set up the defense, it shall be ruled as sufficient for the reasons we have given.

*Judgment reversed and cause remanded for further proceedings in accordance with this opinion.*