## LEVY ET AL. *v.* WARDELL, UNITED STATES COLLECTOR OF INTERNAL REVENUE FOR THE FIRST DISTRICT OF CALIFORNIA, ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 303. Argued April 18, 1922.—Decided May 1, 1922.

Decided upon the authority of *Shwab* v. *Doyle, ante.* 529, and *Union Trust Co.* v. *Wardell, ante*, 537.

Reversed.

ERROR to a judgment of the District Court sustaining a demurrer and dismissing the complaint in an action to recover a sum collected as an estate tax.

*Mr. Edward F. Treadwell* for plaintiffs in error.

*Mr. James A. Fowler,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for defendants in error.

*Mr. Charles E. Hughes, Jr.,* and *Mr. Allen S. Hubbard,* by leave of court, filed a brief as *amici curiae.*

MR. JUSTICE McKENNA delivered the opinion of the court.

The case was determined in the court below upon demurrer to the complaint. The complainant alleged that on the 19th day of December, 1902, and for sometime prior thereto, Henriette Levy was the owner of 22,014 shares of the capital stock of the Levy Estate Company, a corporation. On that date she conveyed to the plaintiffs Harriet L. Levy, Pauline Jacobs and Adeline Salinger, each 5,000 shares of that stock. On the 14th day of January, 1903, she conveyed to these plaintiffs 2,660 shares each.

On the 17th day of January, 1907, she and the plaintiffs entered into an agreement, which recited errors made in the issue of the stock, and agreed that the number of shares to which each was entitled was as follows: To Henriette Levy 10 shares, to Harriet L. Levy 7,328 shares, to Pauline Jacobs 7,338 shares, to Adeline Salinger 7,337 shares and to Ruth Salinger 1 share.

On the same date the agreement was carried out by the board of directors of the company, and on that date Henriette Levy conveyed her 10 shares to Harriet L. Levy.

The transfers of the stock to plaintiffs were complete and there were no agreements or stipulations by which Henriette Levy would be entitled to a return of the stock except that the plaintiffs promised and agreed to pay to her the dividends accruing thereon during her lifetime,

she, however, retaining no testamentary disposition or any legal right whatsoever over the stock or any of it, or any right of revocation.

Henriette Levy at the time of the transfers was in good health and made them to get rid of the care and worry of business and to vest in plaintiffs definite and irrevocable present rights of ownership in the stock, and the transfers were not in contemplation of, or intended to take effect in possession or enjoyment at or after her death.

She died on the 15th. day of December, 1916, being at that time, and at the time of the transfers, a resident of Alameda County, California. Plaintiffs are her surviving children and were at such time, and are now, residents of the State.

She left no property or estate or assets whatever, and consequently, there was no estate to administer, nor any estate upon which any tax could be levied. Notwithstanding the facts, the Commissioner of Internal Revenue of the United States, assuming to act under the provisions of the Act of September 8, 1916, attempted to levy and assess a tax in the sum of $12,460.84, and demanded and threatened to enforce payment of the same. In consequence thereof the plaintiffs paid the tax. Subsequently they demanded a refund of the tax which demand was refused.

At the time of the transfers. there was no law of the State of California imposing any transfer or inheritance tax, nor was there a law of the United States to that effect, and all of the transfers were intended to take effect in possession and enjoyment upon their date. The act of Congress, therefore, should not be construed to be retroactive, and, if so construed, was in violation of the Constitution of the United States in that it would take the property of plaintiffs without due process of law in violation of the Fifth Amendment, and would not be, besides,

a transfer tax or an indirect tax but would be a direct tax thereon in violation of Article I, § 9, subdivision 4 of the Constitution of the United States, because not laid in proper relation to census or enumeration as therein provided.

Judgment was prayed for the sum of $12,460.84 with interest from the 26th day of December, 1917.

Wardell filed a demurrer to the complaint which was sustained, and the action dismissed. To that judgment this writ of error is directed. For the reasons stated in *Shwab* v. *Doyle, ante,* 529, we think the judgment was erroneous.

There was a proceeding in the case to which we must give attention. The judgment of dismissal was entered January 20, 1921. On February 14, 1921, an order of the court was made and entered which recited the resignation of Wardell as Collector and the appointment of John L. Flynn as Collector, and as doubts existed as to whether the case was proper for the substitution of Flynn as successor of Wardell, it was ordered that so far as the action was against· Wardell in his official capacity, the same might be maintained against Flynn, and that so far as it was against Wardell personally, it might be continued against him personally without further pleadings or process.

On February 15, 1921, Flynn entered his appearance which, after reciting the fact of his substitution as defendant in place of Wardell, in so far as the action was against Wardell in his official capacity, declared that he, Flynn, appeared in the " action as such defendant."

It will be observed that there was no resistance by Flynn to his substitution and the subsequent proceedings were directed as much against him as against Wardell, the bond upon the writ of error running to both. As we have said, however, in *Union Trust Co.* v. *Wardell, ante,* 537, this court decided in *Smietanka* v. *Indiana Steel Co.,* 257

U. S. 1, that an action could not be maintained against a Collector of Internal Revenue for the recovery of a tax in the collection and disbursement of which he had no agency.

This was Flynn's situation and bringing him into the case was error. Therefore, upon return of the case to the District Court he shall be permitted to set up the defense of non-liability, if so advised, and, if he set up the defense, it shall be ruled as sufficient for the reasons we have given.

*Judgment reversed and cause remanded for further proceedings in accordance with this opinion.*