## ANTHRACITE TRUST CO. et al. v. PHILLIPS, Collector of Internal Revenue.

### No. 2462.

District Court, M. D. Pennsylvania.

May 19, 1931.

L. E. Renard and W. M. Bunnell, both of Scranton, Pa., for plaintiffs.

C. M. Charest, General Counsel, Bureau of Internal Revenue, and Percia E. Miller, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa., for defendant.

WATSON, District Judge.

This is an action in assumpsit brought by the Anthracite Trust Company, Jane H. Connell, and E. E. Connell, executors of the estate of Alfred E. Connell, deceased, against David W. Phillips, collector of internal revenue for the Twelfth district of Pennsylvania, to recover the sum of $8,729.76, with interest, the amount of taxes assessed on the proceeds of certain insurance policies insuring the life of Alfred E. Connell, which tax was paid to the defendant by the plaintiff.

The case was tried without the intervention of a jury on an agreed statement of facts, and the facts so stipulated are adopted as the court's findings of fact, as if fully set forth in this opinion.

Alfred E. Connell, of Scranton, Pa., died on March 17, 1925. At the time of his death, there were outstanding fifteen certain insurance policies on his life, all issued prior to February 24, 1919, or a total of $144,545.38. Jane H. Connell, widow of the insured, was the beneficiary in, or the assignee of, these policies, and she received from all of them $144,545.38.

Five of the policies were assigned to Jane Connell, the decedent's wife, with no right reserved in the insured to change the assignee or revoke the assignment. One policy, a benefit certificate, issued by the Modern Woodmen of America, was made payable to Jane Connell, the decedent's wife. The insured had the right to change the beneficiary but only to some relative of the insured. In one

policy, Jane Connell was the beneficiary named, and the policy contained no provision for a change of the beneficiary by the insured. In eight of the policies, Jane Connell, the decedent's wife, was the beneficiary named, and the right to change the beneficiary was reserved in the insured.

The decedent's representative filed federal estate tax return with the defendant as collector of internal revenue. The return did not include in the gross estate the proceeds of the policies above referred to. Upon an audit and review of the return by the Commissioner of Internal Revenue, the commissioner included as a part of the statutory gross estate of Alfred E. Connell for federal estate tax purposes the proceeds of said insurance policies, and assessed the estate with an additional tax of $9,285.40, together with interest of $1,779.74, or a total of $11,063.14, which amount was paid by the plaintiffs to the defendant. A claim for refund of this tax was duly filed. The commissioner refunded to the plaintiff the sum of $1,290.29, and refused to refund the balance of the claim. Subsequently, this suit was brought.

█ █ The question in the case is whether or not the proceeds of the fifteen insurance policies, or the proceeds of any of said policies, taken out in his lifetime by Alfred E. Connell, all issued prior to February 24, 1919, the effective date of the Revenue Act of 1918, should be included in the gross estate of the insured, who died March 27, 1925, and should be taxed under the provisions of section 302 (g) and (h) of the Revenue Act of 1924 (26 USCA § 1094 note), which read as follows:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

"(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein whether made, created, arising, existing, exercised or relinquished before or after the enactment of this Act."

A similar question was involved in Lewellyn v. Frick, 268 U. S. 238, 45 S. Ct. 487, 488, 69 L. Ed. 934. In that case, there were eleven insurance policies in existence at the time of Mr. Frick's death. They were all taken out prior to the effective date of the Revenue Act of 1918. In eight of the policies, the insured had no power to change the beneficiary or assignment. In three the insured had that power. Section 402 (f) of the Revenue Act of 1918 (40 Stat. 1097) is in the same language as section 302 (g) of the Revenue Act of 1924. In the case cited, it was held that section 402 (f) was not intended to apply to amounts received on insurance policies taken out prior to the effective date of the act of 1918.

Mr. Justice Holmes, in delivering the opinion of the court, said: "We do not propose to discuss the limits of the powers of Congress in cases like the present. It is enough to point out that at least there would be a very serious question to be answered before Mrs. Frick and Miss Frick could be made to pay a tax on the transfer of his estate by Mr. Frick. There would be another if the provisions for the liability of beneficiaries were held to be separable and it was proposed to make the estate pay a transfer tax for property that Mr. Frick did not transfer. Acts of Congress are to be construed if possible in such a way as to avoid grave doubts of this kind. Panama R. R. Co. v. Johnson, 264 U. S. 375, 390, 44 S. Ct. 391, 68 L. Ed. 748. Not only are such doubts avoided by construing the statute as referring only to transactions taking place after it was passed, but the general principle 'that laws are not to be considered as applying to cases which arose before their passage' is preserved, when to disregard it would be to impose an unexpected liability that if known might have induced those concerned to avoid it and to use their money in other ways. Schwab v. Doyle, 258 U. S. 529, 554, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454. This case and the following ones, Union Trust Co. v. Wardell, 258 U. S. 537, 42 S. Ct. 393, 66 L. Ed. 753, Levy v. Wardell, 258 U. S. 542, 42 S. Ct. 395, 66 L. Ed. 758, and Knox v. McElligott, 258 U. S. 546, 42 S. Ct. 396, 66 L. Ed. 760, go far toward deciding the one now before us. They also indicate that the Revenue Act of 1924, c. 234, § 302 (h); 43 Stat. 253, 305, making (g) (the equivalent of (f) above) apply to past transactions, does not help but if anything hinders the Collector's construction of the present law. Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 42 S. Ct. 223, 66 L. Ed. 391."

No retroactive provision, such as that contained in subdivision (h), was in the Revenue Act of 1918, but it was added in the Revenue Act of 1924. Does this newly added subdivision (h) have the effect of making section 302 (g) retroactive, so as to warrant the inclusion of that which is received by "other beneficiaries" on insurance policies which were taken out before the effective date of the Revenue Act of 1918?

In answering this question, we are concerned only with the second clause of subdivision (g), and not with the first clause, which has to do with insurance received by the executor of the estate of the decedent. Subdivision (h) makes no reference to the second clause in subdivision (g). My opinion is that Congress did not intend by subdivision (h) to make subdivision (g) retroactive, so as to include in the gross estate of the decedent amounts of insurance receivable by beneficiaries other than the executor of his estate on policies taken out by decedent on his own life.

In Wyeth v. Crooks (D. C.) 33 F.(2d) 1018, it was held that the newly added subdivision (h) does not have the effect of making section 302 (g) retroactive so as to warrant the inclusion of the amount received by beneficiaries other than executors as insurance under policies taken out by the decedent upon his own life before the effective date of the Revenue Act of 1918. As I hold this to be so, this case would be wholly decided on the authority of Lewellyn v. Frick, supra, if it were not for that which was decided by the Circuit Court of Appeals for this Circuit in the case of Heiner v. Grandin, 44 F.(2d) 141, in which it was held that insurance policies in which insured reserved right to change beneficiary constituted part of the "gross estate," and were taxable though issued before the effective date of the act of 1918.

In seven of the policies—that is, No. 67249, the Provident Life & Trust Company, issued July 9, 1896; No. 83997, the Provident Life & Trust Company, issued December 23, 1899; No. 150163, the Provident Life & Trust Company, issued April 19, 1909; No. 117938, the Penn Mutual Life Insurance Company, issued January 4, 1897; benefit certificate No. 692746, Modern Woodmen of America, issued September 14, 1900; No. 237681, Penn Mutual Life Insurance Company, issued May 7, 1903; No. 1127, Scranton Life Insurance Company, issued October 8, 1907—the right to change the assignee or beneficiary was not reserved in the insured, and the proceeds of those policies should not be included in the gross estate of the insured.

In eight of the policies—that is, No. 15781, Scranton Life Insurance Company, issued April 17, 1912; No. 306812, the Provident Life & Trust Company, issued December 24, 1918; No. 1295961, the North Western Mutual Life Insurance Company, issued December 18, 1918; No. 1249484, the North Western Mutual Life Insurance Company, issued December 24, 1917; No. 522967, the Penn Mutual Life Insurance Company, issued December 27, 1909; No. 522968, the Penn Mutual Life Insurance Company, issued December 27, 1909; No. 603085, the Penn Mutual Life Insurance Company, issued January 23, 1913; No. 730904, the Penn Mutual Life Insurance Company, issued December 31, 1915—the right to change the beneficiary was reserved in the insured. As I feel I should follow that which was held in Heiner v. Grandin, I find that the proceeds of these policies should be included in the gross estate of the insured and should be taxed under the provisions of the Revenue Act.

The plaintiffs are entitled to recover from the defendant the amount of the taxes not lawfully assessed upon the proceeds of the seven policies, as above named, together with interest, and the amount of the interest collected on the amount of the tax not lawfully assessed with interest. A formal decree may be prepared accordingly and submitted for approval and entry.