**Dr. Louis G. IGNELZI, Plaintiff,**

**v.**

**Stanley GRANGER, individually, and as Collector of Internal Revenue for the twenty-third Collection District of Pennsylvania, Defendant.**

Civ. A. No. 9497.

United States District Court,
W. D. Pennsylvania.
Jan. 19, 1955.

Max V. Schoonmaker, Pittsburgh, Pa., for plaintiff.

John W. McIlvaine, U. S. Atty., D. Malcolm Anderson, Jr., First Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

MARSH, District Judge.

Ignelzi, a taxpayer, brought this action to recover taxes which he alleged were illegally collected by Granger, the Collector of Internal Revenue, for the years 1942–1945. Service was made upon the United States pursuant to Rule 4(d) (4), Fed.Rules Civ.Proc. 28 U.S. C.A., as well as on Granger, and the action has been defended by the United States Attorney and Assistants to the Attorney General. Subsequently, Granger's position as Collector terminated as of November 11, 1952,[1] and his successor in office is A. J. Dudley, the Director of Internal Revenue.

On March 19, 1954, plaintiff, erroneously believing that he was required to

---

I. The date of termination is a matter of judicial knowledge; also see Dudley's brief, p. 3.

continue the action against Dudley, the successor, presented a petition pursuant to Rule 25(d), Fed.R.Civ.P., and procured an order the same day substituting Dudley for Granger. Counsel for plaintiff and Dudley seem to agree that this order was obtained ex parte without giving Dudley reasonable notice and opportunity to object as required by the Rule.[2]

On April 19, 1954, the United States Attorney filed a motion to strike off the order of March 19, 1954. On May 6, 1954, he filed a motion to dismiss plaintiff's action on the ground that the complaint failed to state a claim against the substituted defendant, Dudley. In the brief filed on behalf of Dudley, the court is requested to treat the motion to strike off the order of March 19, 1954 as withdrawn and to be replaced by the motion to dismiss.

On September 27, 1954, the day of the argument, plaintiff presented a motion to strike off the order of March 19, 1954.

Counsel for both plaintiff and defendant Dudley now agree that the substitution of the successor in office to the Collector of Internal Revenue in this type of case is invalid for the reason that the action against the Collector for the recovery of taxes collected by him is against him as an individual and not as a public official. See: Union Trust Co. of San Francisco v. Wardell, 1922, 258 U.S. 537, 42 S.Ct. 393, 66 L.Ed. 753; Smietanka v. Indiana Steel Co., 1921, 257 U.S. 1, 42 S.Ct. 1, 66 L.Ed. 99.

But it is urged additionally in behalf of Dudley that Granger has been eliminated from the case by the order of substitution and the effect thereof was to begin a new suit against Dudley for refund of the taxes. It cannot be denied that a new suit for these taxes begun in 1954 would be barred by the statute of limitations. 26 U.S.C.A. § 3772(a) (2). Accordingly, the United States Attorneys ask for dismissal of this action altogether.

We are aware that there are seeds in the order of March 19, 1954, which may eventually give rise to grave and complex legal problems affecting plaintiff's ultimate right to recover against the United States. But at this stage of the proceedings it is premature to look into the future, and we now adjudicate only the rights of the plaintiff against Granger and Dudley as individuals and not as public officials representing the Government as the real party in interest. See: Toledo Edison Co. v. McMaken, 6 Cir., 1939, 103 F.2d 72;[3] Hammond-Knowlton v. United States, 2 Cir., 1941, 121 F.2d 192. But see Moore Ice Cream Co. v. Rose, 1933, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265.

In opposition, plaintiff strenuously urges the court to strike off the order of March 19, 1954. His motion is not only grounded on the reasons which were in substance set forth by the United States Attorney in his withdrawn motion to strike, but at oral argument and by brief, plaintiff also invoked the aid of Rule 60(b), Fed.R.Civ.P., and contends that the order should be stricken because of mistake, inadvertence, surprise, or excusable neglect.

Despite his failure to specify on which of these life preservers he particularly relies, it seems very evident that plaintiff made a mistake in believing that his action might be continued against the successor in office of the Collector of Internal Revenue. Further, it seems likely that the ex parte order of March 19,

---

2. The petition shows that it was served on Dudley on March 19, 1954. The United States Attorney alleges in his motion to strike off the order of March 19, 1954 that Dudley received notice on March 25, 1954 and that the Government's attorneys received notice on March 23, 1954.

3. The Toledo case holds that in circumstances of long delay, advantage can be taken by the United States of a mistaken substitution; the Rules of Civil Procedure were not involved or considered.

1954 was inadvertently made by the court without noting the non-compliance with the terms of Rule 25(d), viz: (a) Dudley was not given reasonable notice of the application and accorded an opportunity to object; (b) the 6-month period in which a substitution should be made had expired in May, 1952; (c) no substantial need was shown to the court for continuing and maintaining the action against Dudley; in fact, the reasons which were assigned were totally insufficient.

The Collector of Internal Revenue is after all a public official and since Rule 25(d) provides for a substitution in an existing action when a public official is a defendant and is succeeded in office by another, the Rule in this case became a trap for the unwary plaintiff, who was belatedly trying to save his suit for restitution from abatement because he had not complied with the harsh terms of the Rule. This observation, we think, overrides an opposing observation that it was inexcusable neglect for plaintiff to have failed to discover that the Collector of Internal Revenue defends this type of action in personam instead of as a public official.

It is our opinion, therefore, that at this time plaintiff should be relieved of his mistake in presenting the petition for substitution and from the effect of the inadvertent order entered by the court on March 19, 1954 under Rule 60(b) (1). In any event, under Fed.R.Civ.P. rule 60 (b) (6), we think it would be in the interest of justice if that order were treated as invalid and of no effect and the substitution disregarded. The Rules of Civil Procedure, as exemplified by Rule 25(d), should not be utilized to work an injustice.

Since Granger has been the defendant since 1951, it is to be observed that by reinstating the action against him he is not suddenly being called upon to defend a stale claim barred by the statute of limitations. Also, Dudley as an individual can have no interest beyond having himself removed from the suit as a defendant.

An order will be entered dropping A. J. Dudley as a party defendant and reinstating the action against Stanley Granger.