T.C. Summary Opinion 2005-112

UNITED STATES TAX COURT

JAMES M. AND MARY N. GORSKI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4338-04S.          Filed August 4, 2005

James M. and Mary N. Gorski, pro sese.

Richard J. Hassebrock, for respondent.

POWELL, Special Trial Judge: This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed. The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency of $2,500 in petitioners' 2001 Federal income tax that was based solely on the failure to pay the 10-percent additional tax on an early distribution of $25,000 from an individual retirement account (IRA).  After respondent's concession that $7,017.01 of the distribution was used to pay qualified higher education expenses in the taxable year 2001, the issue is whether petitioners are subject to the 10-percent additional tax under section 72(t)(1) on the remaining $17,982.99.  Petitioners resided in Liberty Township, Ohio, at the time the petition was filed.

<u>Background</u>

Petitioners received an early distribution of $25,000 from an IRA in 2001.[2]  Petitioners were both younger than 59-1/2 at the time of the withdrawal.  Petitioners reported the $25,000 as income on line 15b of their jointly filed 2001 Form 1040, U.S. Individual Income Tax Return, which was filed on August 14, 2002.[3]  Petitioners' daughter Kathleen enrolled in classes at Miami University in Oxford, Ohio, in August, 2001.

Respondent determined a deficiency of $2,500 for the taxable year 2001 based solely on petitioners' failure to pay the 10-

---

[2]   The record does not contain the exact date in 2001 of the distribution.

[3]   This appears to be a timely filed return, though the record does not specifically contain information regarding extension requests.

percent additional tax on the $25,000 IRA withdrawal. Petitioners were able to substantiate, and respondent has conceded, that $7,017.01 of the IRA distribution was used to pay qualified higher education expenses in 2001 for Kathleen consisting of tuition, fees, and room and board. Petitioners argue that additional expenses totaling $2,684.30 are also qualified higher education expenses and should not be subject to the 10-percent additional tax. The disputed $2,684.30 is made up of the following expenses: (1) $1,585 for a computer; (2) $400 for books; (3) $504.12 for housewares, appliances, and furniture; and (4) $195.18 for bedding.

Respondent agrees that the expenses for the computer, housewares, appliances, furniture, and bedding were incurred and paid in 2001, but argues that they are not qualified higher education expenses because they were not required by the university. Respondent argues that the book expense was not properly substantiated as having been incurred and paid in 2001 for books that were required for Kathleen's enrollment in classes.

## Discussion[4]

A.   Tax Treatment of Early IRA Distributions

Section 408(d)(1) provides that any amount paid or distributed out of an individual retirement plan shall be included in gross income by the distributee in the year of distribution in the manner provided under section 72.  An IRA is included in the definition of an individual retirement plan. Sec. 7701(a)(37).  Petitioners properly reported the entire $25,000 distribution from their IRA as income on their 2001 return.

Section 72(t)(1) imposes an additional 10-percent tax on that portion of a distribution from a qualified retirement plan that is includable in the taxpayer's gross income, unless the distribution satisfies an exception found under section 72(t)(2). An IRA is a qualified retirement plan for purposes of the additional 10-percent tax.  Secs. 72(t)(1), 4974(c)(4).  The additional tax does not apply to distributions from an IRA used to pay for qualified higher education expenses.  Sec. 72(t)(2)(E).  Petitioners do not argue that any other exception

---

[4]    Sec. 7491(a), concerning burden of proof, has no bearing on this case.  The issue with respect to the computer, housewares, appliances, furniture, and bedding expenses is primarily one of law.  Regarding the book expense, sec. 7491(a) is not applicable because petitioners have not satisfied the substantiation requirement.  Sec. 7491(a)(2)(A).

found in section 72(t)(2) applies to their 2001 IRA distribution.

B.    Qualified Higher Education Expenses

For purposes of section 72(t)(2)(E), qualified higher education expenses are expenses for tuition, fees, books, supplies, and equipment required for enrollment or attendance at an eligible educational institution.[5]  Sec. 529(e)(3)(A).  Room and board may be qualified higher education expenses for students under guaranteed plans who are at least half-time students.  Sec. 529(e)(3)(B).  Furthermore, higher education expenses must be for the education of the taxpayer, the taxpayer's spouse, or any child or grandchild of the taxpayer or taxpayer's spouse.  Sec. 72(t)(7).

1.    The Computer

Neither the Internal Revenue Code nor the applicable regulations provide specific guidance on whether a computer is a qualified higher education expense.  Petitioners point to Internal Revenue Service Notice 97-60, 1997-2 C.B. 310, to argue that a computer is a "necessary tool or equipment" and therefore is a qualified higher education expense.  Notice 97-60 does not,

_____

[5]    An eligible educational institution is any college, university, vocational school, or other postsecondary vocational institution that is described in sec. 481 of the Higher Education Amendments of 1986, Pub. L. 99-498, 100 Stat. 1476.  Sec. 529(e)(5); Notice 97-60, sec. 4, 1997-2 C.B. 310, 317-318. Respondent does not question, and we assume for the purpose of this opinion, that Miami University is an eligible educational institution.

however, specifically define "equipment" or address the treatment of expenses for computers. Notice 97-60, supra. Moreover, the authoritative sources of Federal tax law are statutes, regulations, and judicial case law and not informal Internal Revenue Service sources. See Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972). Thus, petitioners' reliance on Notice 97-60 is misplaced.

Petitioners' contention that a computer is included under the meaning of the word equipment warrants consideration, as the absence of detail from a statutory text, or Congressional reluctance to legislate for all possible future situations, does not mean that Congress thereby intended to adopt a policy intolerant of adaptive interpretation. Zabolotny v. Commissioner, 97 T.C. 385, 412 (1991) (citing Deluxe Corp. v. United States, 885 F.2d 848, 850-851 (Fed. Cir. 1989)), affd. in part and revd. in part 7 F.3d 774 (8th Cir. 1993). Therefore, it cannot be said that Congress did not intend a computer to be considered "equipment" for the purpose of section 72(t)(2)(E).

Petitioners' argument loses steam in their assertion that a computer was "necessary" for Kathleen's attendance at the university. According to the Code, the computer must be "required". Sec. 529(e)(3). Notwithstanding the absence of documentation from Miami University stating that it requires

students to purchase a computer, it cannot be said from this record that a computer was required for Kathleen's enrollment in classes.

Petitioner James Gorski (Mr. Gorski) testified that there is a bank of computers available for student use located in the university's library. Mr. Gorski admitted that he had not personally seen the library computers, but that it was his understanding there were only four or five available for 15,000 students at any time. He further testified that by having her own computer, his daughter would not have to use these library computers and risk walking from the library back to her dorm room late at night.

Petitioners' concern for their daughter's safety, while understandable, does not prove that the purchase of a computer was required by Miami University. Mr. Gorski further testified that professors use an Internet-based system to post syllabi and course assignments, and that certain university information is only available over the Internet. He admitted, however, that Kathleen was not enrolled in any courses that specifically required her to have her own computer. Furthermore, with computers available to all students in the library, syllabi and course assignments are accessible even to students who do not have their own computers. No matter how necessary petitioners think Kathleen's having her own computer may be, the expense of

one was not required for her enrollment or attendance at Miami University and is not a qualified higher education expense for purposes of section 72(t)(2)(E).

2. <u>Housewares, Appliances, Furniture, and Bedding</u>

Petitioners argue that expenses of $504.12 for housewares, appliances, and furniture and $195.18 for bedding are qualified higher education expenses. Petitioners did not specifically address these items at trial, and from the record it does not appear that any of these items were required by Miami University for Kathleen's enrollment. These expenses are not qualified higher education expenses for purposes of section 72(t)(2)(E).

3. <u>Books</u>

Books required for the enrollment or attendance in a course at an eligible educational institution are qualified higher education expenses under section 529(e)(3). Petitioners claim that they spent $400 of the IRA distribution on books for Kathleen in 2001. Petitioners have not substantiated this expense as having been incurred and paid in 2001, or that the books purchased were required for Kathleen's enrollment or attendance in courses. Therefore, the claimed $400 expense for books is not a qualified higher education expense.

## Conclusion

Petitioners' additional claimed expenses are not qualified higher education expenses for purposes of section 72(t)(2)(E). Petitioners are therefore liable for the 10-percent additional tax on the remaining $17,982.99 of their 2001 IRA early distribution.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.