T.C. Memo. 2007-306

UNITED STATES TAX COURT

DAVID BRIAN NOLAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8739-06.                    Filed October 9, 2007.

David Brian Nolan, pro se.

Ann M. Welhaf and Michael A. Raiken, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined a deficiency in
petitioner's 2003 Federal income tax of $2,195.[1]  After

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, in effect for the year at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.  Amounts are rounded to the nearest dollar.

concessions,[2] the issue for decision is whether $3,480 in taxable distributions from petitioners's individual retirement account (IRA) is subject to the 10-percent additional tax under section 72(t).

FINDINGS OF FACT

Petitioner resided in Alexandria, Virginia, when the petition was filed.

Petitioner was born in 1951.  In 2003, he received $21,950 in distributions from an IRA.  Petitioner used the proceeds during 2003 to help pay $18,470 in college expenses on behalf of his sons David and John Nolan and $15,525 in tuition and fees to Randolph-Macon Academy on behalf of a third son, Christopher Nolan.  Christopher was enrolled in the ninth grade at Randolph-Macon Academy, a private high school that prepares students for college and the military.  Christopher is scheduled to receive his high school diploma from Randolph-Macon Academy in 2007.

On February 8, 2006, respondent issued petitioner a notice of deficiency for 2003.  Respondent determined that petitioner was liable for additional tax of $2,195 on the early distributions from his IRA.

---

[2]Respondent conceded that petitioner is not liable for the 10-percent additional tax to the extent of $18,470 used to pay qualified higher education expenses on behalf of petitioner's children David and John Nolan.  The expenses consisted of:  (1) $15,500 to Mount Olive College; (2) $2,556 to George Mason University; and (3) $415 to Northern Virginia Community College.

Petitioner is an attorney and has been admitted to practice before this Court since 1981.  He did not cooperate with respondent in preparation of the trial, and he disobeyed our orders and Rules on numerous occasions.  On October 24, 2006, the Court issued a standing pretrial order to petitioner.  The order required petitioner to stipulate all facts to the maximum extent possible and to exchange with respondent all documents he intended to present for trial at least 14 days before the date of trial, March 26, 2007.  Petitioner ignored the order.  He refused, even to the day of trial, to stipulate any facts.

On October 31, 2006, respondent's attorney sent petitioner an informal request for production of documents.  Petitioner ignored the request.  On December 6, 2006, respondent again requested the production of documents.  Again petitioner ignored the request.  On February 2, 2007, respondent filed with the Court a motion to compel production of documents and a motion to compel responses to respondent's interrogatories.  On February 9, 2007, we granted respondent's motions, requiring petitioner to answer respondent's interrogatories in full and to produce each and every document requested on or before March 10, 2007.  We also warned petitioner that if he did not fully comply with our orders, we would be inclined to impose sanctions pursuant to Rule 104.  Petitioner did not comply with our orders.  He did not

answer any of respondent's interrogatories.  He produced no documents.

On March 26, 2007, because of petitioner's refusal to answer respondent's interrogatories and to produce the requested documents, we granted a motion in limine precluding petitioner from introducing any evidence that was not furnished to respondent on or before March 10, 2007.  After a conference call with the parties, we vacated the motion, allowing petitioner the opportunity to present his documentary evidence.  On the morning of trial, March 30, 2007, petitioner presented documents to respondent's counsel which substantiated the payment of education expenses for his children.  Respondent made concessions relating to some of those expenses.  Petitioner should have presented this evidence during the 6 months he had to prepare for trial, as repeatedly ordered by the Court.

At trial, we admonished petitioner for failing to obey numerous orders and for wasting the Court's time.  At the close of trial, we ordered the parties to submit opening briefs by May 29, 2007.  Petitioner did not file a brief.  We showed petitioner extraordinary leniency by allowing him to present evidence despite his repeated failure to obey our orders.  In response to our leniency, petitioner once again ignored our Rules and our order.

On account of petitioner's repeated failure to obey our Rules and orders, we considered dismissing this case as a sanction pursuant to Rule 123(b).  See Stringer v. Commissioner, 84 T.C. 693, 704-705 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986); Lopez v. Commissioner, T.C. Memo. 2001-93.  However, after respondent's concessions, the only issue for decision is whether petitioner is liable for the section 72(t) additional tax with respect to $3,480 in early distributions from his IRA.  As petitioner is clearly liable for the additional tax, we will address the issue on the merits.

OPINION

Respondent determined that under section 72(t)(1) petitioner is liable for a 10-percent additional tax on early distributions from his IRA.  Petitioner bears the burden of proving that respondent erred in making this determination.  See Rule 142(a).

Section 72(t)(1) imposes a 10-percent additional tax on early distributions from qualified retirement plans, which includes an IRA as defined in section 408(a) and (b).[3]  Secs. 72(t)(1), 4974(c).  However, the section 72(t) additional tax does not apply to certain distributions from qualified retirement plans, including distributions used for qualified higher

---

[3]Petitioner does not dispute that the IRA is a qualified retirement plan for purposes of sec. 72(t).

education expenses, and distributions used for certain medical expenses.  Sec. 72(t)(2)(A), (B), (E).

<u>Higher Education Expenses</u>

Petitioner argued at trial that tuition and fees paid to Randolph-Macon Academy on behalf of his son are qualified higher education expenses and, therefore, the additional tax does not apply to the IRA distributions pursuant to section 72(t)(2)(E). This issue turns on whether Randolph-Macon Academy is an eligible educational institution as defined in section 529(e)(5).

Qualified higher education expenses include tuition, fees, books, and supplies.  Sec. 529(e)(3).  The expenses must be for education furnished to the taxpayer, the taxpayer's spouse, or any child or grandchild of the taxpayer or the taxpayer's spouse. Sec. 72(t)(7)(A).  Furthermore, the education must be furnished at an eligible educational institution.  Secs. 72(t)(7)(A), 529(e)(3).  Section 529(e)(5) defines "eligible educational institution."

> (5) Eligible educational institution.-- The term "eligible educational institution" means an institution--
>
>> (A) which is described in section 481 of the Higher Education Act of 1965 (20 U.S.C. 1088), as in effect on the date of the enactment of this paragraph, and
>>
>> (B) which is eligible to participate in a program under Title IV of such Act.

Paragraph (5) of section 529(e) was added pursuant to the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 211(b)(2), 111 Stat. 810, which was passed on August 5, 1997. Institutions described in section 481 of the Higher Education Act of 1965, 20 U.S.C. section 1088, as in effect on August 5, 1997, are accredited colleges, universities and other postsecondary schools. Title IV of the Higher Education Act of 1965, 20 U.S.C. section 1070, et seq., as in effect on August 5, 1997, authorizes the Department of Education to provide scholarships, grants, and reduced-interest loans to students attending eligible institutions of higher education.

Thus, eligible educational institutions under section 529(e)(5) are colleges, universities, and other postsecondary institutions which are eligible to participate in a student aid program administered by the Department of Education. The term includes virtually all accredited public, nonprofit, and proprietary postsecondary institutions. Sec. 1.25A-2(b), Income Tax Regs.; Notice 97-60, sec. 4, 1997-2 C.B. 310, 317-318. Only postsecondary schools may be eligible educational institutions; therefore, elementary schools and secondary schools[4] do not qualify.

---

[4]A secondary school is "a school intermediate between elementary school and college". Merriam-Webster's Collegiate Dictionary 1052 (10th ed. 2002).

Petitioner's son will receive a high school diploma from Randolph-Macon Academy, not a bachelor's or associate's degree. Therefore, Randolph-Macon Academy is a secondary school and is not an eligible educational institution under section 529(e)(5). Accordingly, the expenses petitioner paid Randolph-Macon Academy are not qualified higher education expenses, and the IRA distributions are not excepted from the section 72(t) additional tax under section 72(t)(2)(E).

Medical Expenses

Section 72(t)(2)(B) provides an exception to application of the section 72(t) additional tax for "Distributions made * * * to the extent such distributions do not exceed the amount allowable as a deduction under section 213 * * * for amounts paid during the taxable year for medical care".

Petitioner testified that during 2003 he paid medical expenses relating to his diabetes. He did not present any evidence as to the amount of the medical expenses or their deductibility under section 213. Therefore, petitioner failed to meet his burden of proving that the section 72(t) additional tax should not apply on account of the medical expense exception.

Conclusion

Petitioner has not argued, and the record is devoid of any evidence that would indicate, that the distributions qualify for any other exception to section 72(t)(1). For the foregoing

reasons, we hold that petitioner is liable for a 10-percent additional tax on $3,480 of early distributions from his IRA.

In reaching our holdings, we considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u> <u>under Rule 155</u>.