THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff, v. MONTFORD C. HOLLEY and JOHN MCDERMOTT, as Administrators, etc., of FRANK J. CONOVER, Deceased, Appellants, and GERTRUDE M. DRAPER, Respondent.

Fourth Department, November 16, 1938.

*J. Carl Fogle*, for the appellants.

*George C. Riley*, for the respondent.

*Dudley, Stowe & Sawyer*, for the plaintiff.

CROSBY, J.   This action was begun by plaintiff to compel the defendants, administrators of the estate of Frank J. Conover, on the one hand, and the defendant Gertrude M. Draper, on the other, to interplead, one with another, to the end that it might be determined to whom plaintiff should pay the amounts due upon four policies of life insurance issued by plaintiff upon the life of the deceased.   Plaintiff holds the money as a stakeholder and is willing to pay it to whomsoever the court determines to be entitled to it.

The policies, by their terms, are payable to the " executors, administrators or assigns " of the deceased.   The administrators base their claim upon the fact that they are administrators, and defendant Draper claims that all four policies were assigned to her by the insured during his lifetime.

There is no question that policies, payable as these were, are the absolute property of the insured and can be assigned by the insured without any formal change of beneficiary.   (*Rothstone* v. *Norton*, 231 App. Div. 59; affd., 256 N. Y. 601.)

Thus far defendant Draper has succeeded in her contention that all four policies were assigned to her as a gift by the insured. She claims that she was engaged to be married to him, that he delivered the policies to her with the intention of making a gift and that she accepted them.   She further claims that she thereafter delivered the policies back to the insured to keep safely for her, and that, thereafter, they were, at all times, her property, though found, after the death of the insured, in his safety deposit box in a bank.

The evidence of the gift and assignment is not above suspicion, and yet, in our opinion, it suffices as to three of the four policies, but not as to the fourth (No. 4416780).

The evidence supporting the gift to Draper of the three policies is as follows: There is proof that the insured was engaged to marry Miss Draper; that he spent most of his leisure hours at her home,

calling her mother his "mama;" that, in November, 1932, he told Miss Draper's mother that he had given Miss Draper his insurance policies. The mother gives this evidence, but she does not claim to have witnessed the delivery of the policies or to have ever seen them, and she does not know how many policies there were. The mother and daughter live together, and while the mother is not directly interested in the result of this action, she is sufficiently interested so that her testimony, standing alone, would not carry conviction. (*Ward* v. *N. Y. Life Ins. Co.*, 225 N. Y. 314.)

However, there is proof, not only by the mother, but by witness Gillam, office clerk of the plaintiff's Buffalo office, that on August 19, 1936, the insured came to his office and said that Miss Draper had come with him to Buffalo and was waiting for him in his car, that he wanted to pay the premiums on the three policies (premiums on all of which were payable August twentieth), and that he wanted to make Miss Draper, whom he expected to marry, the beneficiary of those three policies. Furthermore Gillam made out for the insured, and the latter executed, three so-called "requests for change of beneficiary" which Gillam signed as a witness. Gillam at first testified, in substance, that he might have made out a like request for change of beneficiary of the fourth policy, the premium paying date of which was December eighteenth, but, having his mind refreshed on cross-examination, he said in substance that the fourth policy was mentioned but that the insured said he did not want to make any change as to that one. Gillam testified that he told the insured that the requests to change beneficiary would have no effect unless left with the company together with the policies, so that the changes could be indorsed on the policies, and that the insured would not leave them for the present as he wanted to take them with him and show them to Miss Draper.

The written requests to change beneficiary to "insured's intended wife Gertrude M. Draper" are in evidence. Miss Draper's mother testified that, on the evening of August nineteenth, when her daughter and the insured returned from Buffalo, the insured delivered to Miss Draper some papers, she did not know how many, and said: "Mama, look what I have done for your daughter, I have left her all my * * * life insurance * * *. I have left it to my intended wife, Gertrude M. Draper," and then said to Miss Draper: "Gertrude, put them away, they are important," and that Miss Draper said to the insured: "Put them in your safety deposit box," etc.

While it is undoubtedly true that these requests lacked the effect of working a change of beneficiary in the policies, and did not, in themselves, serve the purpose of assignments of the policies,

they do corroborate the testimony of the mother that the three policies had been previously assigned to Miss Draper. After decedent's death the requests were found in his own bureau drawer in his bedroom. It is a significant fact, too, that they were found in the same package with a bank book showing a joint deposit of $5,000 in the names of Miss Draper and the insured. The proof is that that joint deposit was made by the insured, some time before, with the proceeds of the sale of some stock which he owned.

In addition to this, an intimate friend of Miss Draper, the witness Hunter, testified that the insured told her he had given his insurance to Miss Draper.

The trier of the facts saw all these witnesses, and he could well find that defendant Draper had established her title to the three policies Nos. 2908840, 2909578 and 4634126L, respectively.

But the proof falls short of showing that policy No. 4416780 was assigned to Miss Draper. I am not overlooking the fact that the mother of Miss Draper, as well as her friend, Miss Hunter, testified that they had heard the insured say he had assigned " all " of his insurance to Miss Draper. But they did not see the policies delivered, they testified rather vaguely as to just what was said, and we have to consider the testimony of Gillam that the insured said he did not want to change the beneficiary of policy No. 4416780. And there is also to be considered the circumstances that no written request, as to that policy, was found with the other three and the bank book.

We must not overlook the testimony of Miss Hunter that, on the evening of December 17, 1936, the day before the premium paying date of policy No. 4416780, she heard the insured say he must get to the post office to mail a check for the premium " on his insurance for Gertrude," and that she went with him to mail the letter. That evidence is not very impressive, and it is offset by the testimony of the witness LeValley to the effect that the insured spent the entire evening of December seventeenth with her and that she went with him to the post office to mail the check to pay his premium. The witness LeValley is not interested in the outcome of this case.

We think the evidence supports the judgment in favor of defendant Draper in respect of three of the policies but that it is contrary to and against the weight of the evidence in respect of policy No. 4416780.

Appellants complain of certain rulings of the referee in respect of the admission and exclusion of evidence. We have examined the record and find no reversible error in that regard.

The judgment should be modified on the facts so as to provide that the deceased, Frank J. Conover, in his lifetime gave, assigned and transferred policies Nos. 4634126L, 2908840 and 2909578 to defendant Gertrude M. Draper, and that she is entitled to the avails thereof; and that he made no such gift, assignment and transfer of policy No. 4416780, and that the same is the property of the defendants, administrators, and that they are entitled to the avails thereof, and as modified affirmed, without costs to any party as against any other party.

Certain findings should be disapproved and reversed, certain other findings modified, and new findings made.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgment modified on the facts in accordance with the opinion, and as modified affirmed, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and new findings made.