ANNA ROSENSTOCK, INDIVIDUALLY, AND AS EXECUTRIX OF THE ESTATE OF ISAAC M. ROSENSTOCK, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91686. Promulgated March 21, 1940.

*Isidor Wels, Esq.*, for the petitioner.
*B. M. Brodsky, Esq.*, for the respondent.

OPINION.

TYSON: The respondent determined a deficiency in decedent's estate tax of $6,028.92.

In the estate tax return of petitioner's decedent there was reported as a portion of the decedent's estate the amount of $3,904.15 as representing part of the proceeds of certain policies of insurance upon decedent's life. The respondent's determination resulted in increasing such reported amount to $47,808.30 and petitioner assigns error only as to such increase.

The questions presented are: (1) Were the three insurance policies here involved assigned to the decedent's wife prior to decedent's death? and (2) In the event there was no such assignment was one-half of the premiums on the three policies paid by decedent's wife, and if so, was only one-half of the proceeds of such policies, less a $40,000 exclusion, includible in decedent's gross estate by reason thereof?

The decedent, Isaac M. Rosenstock, and his wife, Anna Rosenstock, were married July 31, 1917, in New York, New York, and have since continuously resided there until the death of decedent on March 7, 1936. Anna Rosenstock is the executrix of decedent's estate. The

three policies of insurance taken out on the life of decedent, here involved, are as follows:

| Policy No. | Issued by | Date | Amount |
|---|---|---|---|
| 2,339,625 | Equitable Life Assurance Society | June 7, 1918 | $12,000 |
| 3,444,229 | Equitable Life Assurance Society | May 26, 1924 | $50,000 |
| 3,317,278 | Mutual Life Ins. Co. of New York | Mar. 20, 1924 | $25,000 |

Each of these policies was issued on written application of the decedent. The beneficiary named in each of the policies was Anna Rosenstock, the wife of decedent, and each of the policies contained a clause reserving the right of the insured to change the beneficiary.

At the time of the issuance of the policy in 1918 and until about 1922, the decedent was engaged in businesses in New York City, New York, in which his wife was in no way financially interested. Also, during that time, and for several years prior thereto, decedent's wife was engaged in a lucrative business for herself in the same city.

By 1922 the businesses in which decedent had been engaged had failed and decedent was left without any property or financial means whatsoever. In that year his wife took decedent in as an equal partner in the business in which she was then engaged without decedent's contributing any capital whatsoever. Since the death of decedent his widow has continued to operate the business alone.

When each of the three policies was issued decedent delivered it to his wife, stating that it was hers and telling her to put it in her vault. This she did, and since such delivery of the policies to her she has retained sole and exclusive possession thereof, with the exception of a time, or times, when money was borrowed on one or more of the policies to be used in the partnership business in which she and decedent were engaged. Such borrowed moneys were repaid by the partnership and the policies thereupon returned to the possession of decedent's wife, where they remained until decedent's death. The proceeds of the policies were thereafter collected by decedent's wife.

The wife of decedent paid all the premiums upon the policy issued in 1918 until the end of 1922. Thereafter, the premiums on that policy, as well as the premiums on the other two policies issued in 1924, were paid by checks of the partnership firm, some of which were signed by deceased and some by his wife, as a member of that firm. Those payments were equalized on the partnership's books in such a manner that the decedent paid one-half thereof and his wife the other one-half.

In *May Billings et al., Executors*, 35 B. T. A. 1147, this Board expressed the view that the phrase "all other beneficiaries", used in

section 302 (g) of the Revenue Act of 1926,[1] embraces an assignee where an insurance policy is assigned to a designated person without a valuable consideration. In the instant case, the assignment of the three policies was made by gift and thus the assignee, insured's wife, falls in the class above referred to of "all other beneficiaries." However, it is well settled that the proceeds of insurance policies irrevocably belonging to and receivable by "beneficiaries" other than the insured's estate may not be included in his estate, under section 302 (g), *supra*, where the insured, at date of his death, had no incidents of ownership of the policies (that is, control, possession or enjoyment of the privileges contained in the policies, or the proceeds thereof), the termination of which by reason of his death would constitute an appropriate subject of the estate tax. *Levy's Estate* v. *Commissioner*, 65 Fed. (2d) 412; *Pennsylvania Co. for Insurances on Lives & Granting Annuities et al., Executors* v. *Commissioner*, 79 Fed. (2d) 295; certiorari denied, 296 U. S. 651; *Edith Huggard Sharp et al., Executors*, 33 B. T. A. 290; petition for review on this question dismissed, 91 Fed. (2d) 804; and *May Billings et al., Executors, supra* (p. 1152).

The property interest of the insured (decedent) and his wife, respectively, in the insurance policies here involved is determined by the laws of New York. *Lang* v. *Commissioner*, 304 U. S. 264. Cf. *New York Life Insurance Co.* v. *Dodge*, 246 U. S. 357. When the insured orally made an unconditional and absolute transfer of the three policies to his wife, accompanied by actual delivery, he thereby made a completed, valid and effectual assignment thereof to her. *McGlynn* v. *Curry*, 82 App. Div. 431; 81 N. Y. S. 855; *Grems* v. *Traver*, 87 Misc. Rep. 644; 148 N. Y. S. 200; affd., 149 N. Y. S. 1085; *Mutual Life Ins. Co. of New York* v. *Holley*, 8 N. Y. S. (2d) 429; 255 App. Div. 338; *Considine* v. *Connecticut Mutual Life Insurance Co.*, 255 App. Div. 876; 7 N. Y. S. (2d) 834. See also, *First National Bank of Cumberland* v. *Liberty Trust Co.*, 47 A. L. R. 730, and notes. By such unconditional assignment the insured was divested of all legal interest in those policies. Also, by such act, insured's right, reserved in the policies, to change the beneficiary was abrogated. *Jacobs* v. *Strumwasser*, 145 N. Y. S. 916. The entire beneficial interest in those policies passed to the assignee, the insured's wife, including the right to the proceeds thereof, and, under the laws of New York, her consent was necessary to his exercise of any control, possession, or enjoyment

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

* * * * * * *

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

of any of the privileges contained in the policies, such as loan or cash surrender values and the right of assignment. *Levy's Estate* v. *Commissioner, supra; Anderson* v. *Northwestern Mutual Life Insurance Co.*, 261 N. Y. 450; 185 N. E. 696; *Guaranty Trust Co. of New York et al., Executors*, 33 B. T. A. 1225, and authorities cited therein.

We therefore hold that respondent erred, as alleged by petitioner, in increasing the amount of $3,904.15 reported in the estate tax return of petitioner's decedent as representing part of the proceeds of the three policies of life insurance here involved to $47,808.30.

Having concluded that there was a complete, valid transfer and assignment of all the three policies of insurance by decedent to his wife it becomes unnecessary to decide the second question.

*Decision will be entered under Rule 50.*